JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
JOHN M. ORR
Nevada Bar No. 14251
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
*JDunn@GGTrialLaw.com*
*MHale@GGTrialLaw.com*
*JOrr@GGTrialLaw.com*

Attorneys for Plaintiff
Andrew VanLake

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANDREW VANLAKE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BREAKTHRU BEVERAGE NEVADA, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) TORTIOUS DISCHARGE;**<br>**(2) DISCRIMINATION (N.R.S. § 613.330);**<br>**(3) DISCRIMINATION (42 U.S.C. § 12112 *et seq.*);**<br>**(4) RETALIATION (N.R.S. § 613.340);**<br>**(5) RETALIATION (42 U.S.C. § 12203 *et seq.*);**<br>**(6) FAILURE TO PROVIDE REASONABLE ACCOMMODATION (N.R.S. § 613.330);**<br>**(7) FAILURE TO PROVIDE REASONABLE ACCOMMODATION (42 U.S.C. § 12112(b)(5)(A));**<br>**(8) FMLA INTERFERENCE.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Andrew VanLake ("Plaintiff" or "Mr. VanLake") alleges as follows:

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 29 CFR § 825.220, 42 U.S.C. § 12112 *et seq.*, and 42 U.S.C. § 12203 *et seq.*

3. The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each of Plaintiff's claims occurred in Clark County, Nevada.

## NATURE OF THE ACTION

5. Mr. VanLake began working for Breakthru Beverage Group, LLC as a Warehouseman in May 2007. During his employment, Mr. VanLake sustained multiple work-related injuries, resulting in protected disabilities. Following wrist surgery in March 2025, Mr. VanLake requested light duty, an accommodation Breakthru had previously provided. Breakthru refused to accommodate him and failed to engage in the interactive process. While Mr. VanLake remained on medical leave, Breakthru terminated his employment on or about October 21, 2025 on a false and pretextual basis, in discrimination based on his disabilities and in retaliation for his workers' compensation claim, requests for reasonable accommodation, and use of protected FMLA leave.

## PARTIES

6. Plaintiff is and was at all relevant times herein, a resident of Clark County, Nevada.

7. Defendant Breakthru Beverage Nevada, LLC ("Breakthru") is a Delaware limited liability company that conducts business in Clark County.

## FACTUAL ALLEGATIONS

8. On or about May 1, 2007, Mr. VanLake began working for Breakthru as a Warehouseman.

9. At all times relevant, Mr. VanLake suffered from chronic degenerative back disease, a work-related right knee injury sustained on or about August 12, 2022, and a work-related right wrist carpal tunnel injury and ligament tear sustained on or about October 31, 2024 — each of which substantially limited major life activities and constituted disabilities under state and federal law.

10. On or about March 18, 2025, Mr. VanLake underwent surgery for his work-related wrist injury. Thereafter, Mr. VanLake requested to return to work on light duty — an accommodation Breakthru had previously provided him and was simultaneously providing to other employees. Breakthru failed to engage in an interactive process and refused to provide any reasonable accommodation, forcing Mr. VanLake on medical leave.

11. While Mr. VanLake remained on leave and had a surgical consultation scheduled within one week, Breakthru terminated his employment on or about October 21, 2025 on a false and pretextual basis.

12. In reality, Breakthru wrongfully terminated Mr. VanLake in discrimination based on his disabilities, and in retaliation for his protected activity, including his workers' compensation claim, his repeated requests for reasonable accommodation, and his use of protected FMLA leave.

13. *Summary of Plaintiff's Protected Statuses and Activity*: Mr. VanLake suffers from chronic degenerative back disease, a right knee injury, and a right wrist carpal tunnel injury and ligament tear. Mr. VanLake engaged in protected activity by requesting and receiving reasonable accommodations for his disabilities, taking intermittent FMLA leave, and filing a workers' compensation claim.

14. On March 25, 2026, Plaintiff timely dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission ("NERC"). On March 26, 2026, the EEOC closed Plaintiff's case without making findings and issued him an immediate right to sue notice. Plaintiff timely filed the instant lawsuit within 90 days of the right to sue notice.

15. *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b); Nevada Revised Statute ("N.R.S.") 42.001, 42.007.)

16. *Reckless Indifference and Conscious Disregard*: Defendant Breakthru Beverage

Nevada, LLC knew of the probable economic harm and emotional distress that would ensue as a result of the wrongful conduct perpetrated. Yet Defendant Breakthru Beverage Nevada, LLC willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

17. *Malice*: The conduct of Defendant Breakthru Beverage Nevada, LLC was committed with malice, including that (a) Defendant Breakthru Beverage Nevada, LLC acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct of Defendant Breakthru Beverage Nevada, LLC was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

18. *Oppression:* In addition, and/or alternatively, The conduct of Defendant was committed with oppression, including that the actions of Defendant Breakthru Beverage Nevada, LLC against Plaintiff were cruel and subjected him to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

19. *Fraud:* In addition, and/or alternatively, the conduct of Defendant Breakthru Beverage Nevada, LLC, as alleged, was fraudulent, including that Defendant Breakthru Beverage Nevada, LLC asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and deprive him of legal rights or otherwise injure Plaintiff.

20. Further, Defendant Breakthru Beverage Nevada, LLC is liable for the wrongful acts of its employees, including its supervisory personnel, because Defendant Breakthru Beverage Nevada, LLC had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others. (42 U.S.C. § 2000e(b); N.R.S. 42.007.)

/ / /

/ / /

**FIRST CLAIM FOR RELIEF**

**Tortious Discharge**

**(Plaintiff Andrew VanLake against Defendant Breakthru Beverage Nevada, LLC)**

21. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

22. Plaintiff was employed by Defendant Breakthru Beverage Nevada, LLC.

23. Plaintiff suffered a workplace injury and informed Defendant Breakthru Beverage Nevada, LLC of the same, triggering an obligation to file a workers' compensation claim on Plaintiff's behalf.

24. Defendant Breakthru Beverage Nevada, LLC had actual or constructive knowledge of Plaintiff's actions.

25. The decision of Defendant Breakthru Beverage Nevada, LLC to discharge plaintiff was proximately caused by Plaintiff's actions and was in derogation of the public policy of the State of Nevada.

26. Due to this action, it has been necessary for Plaintiff to expend court costs to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

27. The acts of Defendant Breakthru Beverage Nevada, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Breakthru Beverage Nevada, LLC, and to make an example of and deter Defendant Breakthru Beverage Nevada, LLC from engaging in such conduct in the future.

**SECOND CLAIM FOR RELIEF**

**Workplace Discrimination in Violation of N.R.S. § 613.330**

**(Plaintiff Andrew VanLake against Defendant Breakthru Beverage Nevada, LLC)**

28. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

29. Plaintiff was employed by Defendant Breakthru Beverage Nevada, LLC, as defined by N.R.S. § 613.310, and thus is prohibited from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

30. The acts and omissions of Defendant Breakthru Beverage Nevada, LLC, as more fully set forth herein, constituted discrimination within the meaning of N.R.S. § 613.330.

31. Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S. § 613.330.

32. Plaintiff charges that Defendant Breakthru Beverage Nevada, LLC discriminated against the Plaintiff based on his protected status or statuses.

33. As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of his employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

34. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

35. The acts of Defendant Breakthru Beverage Nevada, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Breakthru Beverage Nevada, LLC, and to make an example of and deter Defendant Breakthru Beverage Nevada, LLC from engaging in such conduct in the future.

/ / /

/ / /

**THIRD CLAIM FOR RELIEF**

**Workplace Discrimination in Violation of 42 U.S.C. § 12112 et seq.**

**(Plaintiff Andrew VanLake against Defendant Breakthru Beverage Nevada, LLC)**

36. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

37. Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on disability.

38. Defendant Breakthru Beverage Nevada, LLC, employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was prohibited from discriminating against qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(a).

39. Plaintiff has a disability or disabilities as defined by 42 U.S.C. § 12102(1).

40. Plaintiff was qualified to perform the essential functions of his job, with or without reasonable accommodation.

41. Defendant Breakthru Beverage Nevada, LLC took adverse employment actions against Plaintiff because of his disability or disabilities, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

42. The discriminatory acts of Defendant Breakthru Beverage Nevada, LLC constitute a violation of the Americans with Disabilities Act (ADA), which makes it unlawful for an employer to discriminate against an employee on the basis of disability.

43. The discriminatory acts of Defendant Breakthru Beverage Nevada, LLC have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

44. The acts of Defendant Breakthru Beverage Nevada, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff

is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Breakthru Beverage Nevada, LLC, and to make an example of and deter Defendant Breakthru Beverage Nevada, LLC from engaging in such conduct in the future.

45. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

**<u>FOURTH CLAIM FOR RELIEF</u>**

**Workplace Retaliation in Violation of N.R.S. § 613.340**

**(Plaintiff Andrew VanLake against Defendant Breakthru Beverage Nevada, LLC)**

46. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

47. Plaintiff was employed by Defendant Breakthru Beverage Nevada, LLC.

48. Plaintiff engaged in protected activity.

49. Defendant Breakthru Beverage Nevada, LLC was aware of Plaintiff's protected activity.

50. After engaging in protected activity, Plaintiff suffered an adverse employment action.

51. There is a causal connection between Plaintiff's protected activity and the adverse employment action.

52. The conduct of Defendant Breakthru Beverage Nevada, LLC alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

53. The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Breakthru Beverage Nevada, LLC, and to

make an example of and deter Defendant Breakthru Beverage Nevada, LLC from engaging in such conduct in the future.

54. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

**<u>FIFTH CLAIM FOR RELIEF</u>**

**Retaliation in Violation of 42 U.S.C. § 12203 *et seq.***

**(Plaintiff Andrew VanLake against Defendant Breakthru Beverage Nevada, LLC)**

55. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

56. Plaintiff is within the class of persons that 42 U.S.C. § 12203 intends to protect and retaliation for engaging in protected activity is the type of injury prohibited by 42 U.S.C. § 12203.

57. Plaintiff was an "employee" of Defendant Breakthru Beverage Nevada, LLC, as defined by 42 U.S.C. § 12111(4).

58. Employers, such as Defendant Breakthru Beverage Nevada, LLC, are barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 12101 *et seq*. as well as against any person for requesting an accommodation as provided under the same the statute.

59. Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42 U.S.C. § 12101 *et seq*. and/or requested an accommodation as provided under the same statute.

60. As a result of Plaintiff's complaints regarding, opposition to, and/or requests for accommodation related to these unlawful practices, Defendant Breakthru Beverage Nevada, LLC engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

61. The conduct of Defendant Breakthru Beverage Nevada, LLC constitutes retaliation in violation of the Americans with Disabilities Act of 1990, as amended, which makes it unlawful for an employer to retaliate against an employee who complains about, opposes discrimination or harassment, or requests an accommodation.

62. The conduct of Defendant Breakthru Beverage Nevada, LLC alleged herein has caused damage and harm to Plaintiff, including past and future lost earnings, salary, and other employment benefits, in an amount according to proof at trial.

63. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

**SIXTH CLAIM FOR RELIEF**

**Failure to Provide Reasonable Accommodation in Violation of N.R.S. § 613.330**

**(Plaintiff Andrew VanLake against Defendant Breakthru Beverage Nevada, LLC)**

64. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

65. Plaintiff was employed by Defendant Breakthru Beverage Nevada, LLC, as defined by N.R.S. § 613.310.

66. Employers are prohibited from discriminating against any employee with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of disability as set forth in N.R.S. § 613 *et seq*. Failing to provide reasonable accommodation to qualified individuals with disabilities is one such type of actionable discrimination.

67. Plaintiff has a disability as defined by N.R.S. § 613.310. Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect.

68. Plaintiff requested reasonable accommodation for his disability.

69. Defendant Breakthru Beverage Nevada, LLC failed to provide reasonable accommodation for Plaintiff's disability.

70. The failure of Defendant Breakthru Beverage Nevada, LLC to provide reasonable accommodation constitutes a violation of N.R.S. § 613.330.

71. The acts of Defendant Breakthru Beverage Nevada, LLC alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

72. The acts of Defendant Breakthru Beverage Nevada, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Breakthru Beverage Nevada, LLC, and to make an example of and deter Defendant Breakthru Beverage Nevada, LLC from engaging in such conduct in the future.

73. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## <u>SEVENTH CLAIM FOR RELIEF</u>

**Failure to Provide Reasonable Accommodation in Violation of 42 U.S.C. § 12112(b)(5)**

**(Plaintiff Andrew VanLake against Defendant Breakthru Beverage Nevada, LLC)**

74. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

75. Plaintiff is a member of the classes of persons protected by federal statutes requiring reasonable accommodation for disabilities.

76. Plaintiff was an employee, as defined by 42 U.S.C. § 12111(4).

77. Defendant Breakthru Beverage Nevada, LLC employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was required to provide reasonable accommodation to qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(b)(5).

78. Plaintiff has a disability as defined by 42 U.S.C. § 12102(1).

79. Plaintiff requested reasonable accommodation for his disability.

80. Defendant Breakthru Beverage Nevada, LLC failed to provide reasonable accommodation for Plaintiff's disability.

81. The failure of Defendant Breakthru Beverage Nevada, LLC to provide reasonable accommodation constitutes a violation of the ADA, which makes it unlawful for an employer to fail to provide reasonable accommodation to an employee with a disability.

82. The acts of Defendant Breakthru Beverage Nevada, LLC alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

83. The acts of Defendant Breakthru Beverage Nevada, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Breakthru Beverage Nevada, LLC, and to make an example of and deter Defendant Breakthru Beverage Nevada, LLC from engaging in such conduct in the future.

84. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## EIGHTH CLAIM FOR RELIEF

### Interference with FMLA Rights in Violation of 29 U.S.C. § 2615(a)(1)

### (Plaintiff Andrew VanLake against Defendant Breakthru Beverage Nevada, LLC)

85. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

86. Plaintiff is a member of the classes of persons protected by federal statutes prohibiting interference with the exercise of rights under the Family and Medical Leave Act (FMLA).

87. Plaintiff was an eligible employee, as defined by 29 U.S.C. § 2611(2).

88. Under the FMLA, employers, such as Defendant Breakthru Beverage Nevada, LLC, are barred from interfering with, restraining, or denying the exercise of or the attempt to exercise any rights provided under the FMLA.

89. Plaintiff exercised or attempted to exercise rights provided under the FMLA, including but not limited to requesting and/or taking leave for a serious health condition.

90. As a result of and in retaliation for Plaintiff's exercise or attempt to exercise FMLA rights, Defendant Breakthru Beverage Nevada, LLC engaged in a course of conduct that interfered with, restrained, and/or denied Plaintiff's rights under the FMLA, which included but was not limited to denying leave, discouraging Plaintiff from taking leave, refusing to reinstate Plaintiff, and/or retaliating against Plaintiff for taking or requesting leave.

91. The conduct of Defendant Breakthru Beverage Nevada, LLC constitutes interference with Plaintiff's rights in violation of the Family and Medical Leave Act of 1993, as amended, which makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any rights provided under the FMLA.

92. The acts of Defendant Breakthru Beverage Nevada, LLC alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

93. The acts of Defendant Breakthru Beverage Nevada, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Breakthru Beverage Nevada, LLC, and to make an example of and deter Defendant Breakthru Beverage Nevada, LLC from engaging in such conduct in the future.

94. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

95. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

/ / /

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiffs would have received but for Defendant's wrongful conduct;

2. Liquidated damages;

3. Emotional distress damages;

4. Punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future;

5. For an award of reasonable attorneys' fees and costs incurred in this action;

6. For pre-judgment and post-judgment interest, as provided by law; and

7. For other and further relief as the Court may deem just and proper.

DATED: March 26, 2026 GREENBERG GROSS LLP

By: */s/ Jemma E. Dunn*
Jemma E. Dunn
Matthew T. Hale
John M. Orr

Attorneys for Plaintiff
Andrew VanLake

**DEMAND FOR JURY TRIAL**

Plaintiff Andrew VanLake hereby demands a jury trial.

DATED: March 26, 2026

GREENBERG GROSS LLP

By: */s/ Jemma E. Dunn*
Jemma E. Dunn
Matthew T. Hale
John M. Orr

Attorneys for Plaintiff
Andrew VanLake